GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:     ANTHONY J. SUN
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2810
Fax: (212) 637-2786
anthony.sun@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | 19 Civ. 9196 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| KENNETH LASALA, SR., | |
| Defendant. | |

---

## COMPLAINT

Plaintiff the United States of America (the "United States" or the "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, herein alleges for its complaint as follows:

### INTRODUCTION

1.      This action is brought by the United States against defendant Kenneth LaSala, Sr. ("Defendant"), pursuant to 26 U.S.C. § 7401, to reduce to judgment certain outstanding tax assessments made against him pursuant to 26 U.S.C. § 6672.

2.      The United States brings this action at the direction of a delegate of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the

Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340 and 1346(c) and 26 U.S.C. § 7402.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the District where the liability for the tax at issue accrued.

## PARTIES

5. Plaintiff is the United States of America, on behalf of its agency the IRS.

6. Defendant Kenneth LaSala, Sr., is an individual who, throughout the tax periods at issue, resided in the Southern District of New York. At all relevant times, he was an officer and shareholder of Town Masonry Corp. ("Town Masonry") who exercised authority and control over Town Masonry's financial affairs, including but not limited to the collection, truthful accounting, and paying over of employment taxes.

## LEGAL BACKGROUND

7. The Internal Revenue Code requires employers to withhold and remit federal Social Security and Medicare (pursuant to the Federal Insurance Contributions Act ("FICA")), unemployment (pursuant to the Federal Unemployment Tax Act ("FUTA")), and income taxes from their employees' wages. 26 U.S.C. §§ 3102, 3301, 3402.

8. Employers must report these withholdings and remittances to the IRS on IRS Forms 940 and 941.

9. These taxes withheld from employees' wages are to be held in a special fund in trust for the benefit of the United States (the "trust fund taxes" or "withholding taxes"). 26 U.S.C. § 7501.

10. Withholding taxes are not simply a debt; they are part of the employees' wages, held by the employers in trust for the Government, such that when employers pay withholding taxes over to the Government, they merely surrender that which does not belong to them.

11. When an employer fails to collect and remit the trust fund taxes for its employees to the Government, a trust fund recovery penalty ("TFRP") may be assessed against a responsible person of the employer in an amount equal to the trust fund taxes that the employer did not collect or remit from the employees' wages. 26 U.S.C. § 6672(a).

12. Individual liability attaches when two factors are present: (1) the person assessed is a "responsible person" for the collection, truthful accounting, and paying over of employment taxes; and (2) that person willfully failed to pay over such taxes.

13. A responsible person is one who has the ability to exercise significant control over the enterprise's finances.

14. An individual need not hold any special position in order to qualify as a responsible person.

15. Several individuals within a given company may qualify as responsible persons.

16. The assessment of a TFRP against a person under 26 U.S.C. § 6672 creates a *prima facie* case of liability against that person in a tax collection action such as this one.

17. In order to avoid the TFRP, the person against whom the IRS made the assessment has the burden of proof to show by a preponderance of evidence that he or she is not

a responsible person, or that he or she did not willfully fail to pay over the trust fund taxes; *i.e.*, the IRS is presumed to be correct.

## FACTUAL ALLEGATIONS

18. During the quarterly tax periods ending on September 30, 2011; December 31, 2011; March 31, 2012; June 30, 2012; December 31, 2012; March 31, 2013; June 30, 2013; and September 30, 2013 (the "Covered Tax Periods"), Town Masonry failed to collect, truthfully account for and remit to the United States federal income, FICA, and FUTA taxes it was required to withhold from its employees' wages, *i.e.*, the trust fund taxes.

19. During the Covered Tax Periods, Defendant was a person responsible for collecting, truthfully accounting for, and paying over the trust fund taxes for Town Masonry and is liable for trust fund recovery penalties under 26 U.S.C. § 6672 for willfully failing to pay the trust fund taxes.

20. During the Covered Tax Periods, Defendant was the Treasurer and a ten percent shareholder of Town Masonry.

21. During the Covered Tax Periods, Defendant exercised significant and independent authority and control over the financial affairs of Town Masonry, including but not limited to its accounts payable, payroll, financial accounts, disbursements, check-writing, the signing and filing of Form 941 trust fund tax returns and federal tax deposits, staffing, and monthly operating reports in bankruptcy.

22. Defendant has admitted that during the Covered Tax Periods he "took care of all of the financial things" for Town Masonry, including personally reviewing nearly every check written by Town Masonry.

23. Defendant has also admitted that during the Covered Tax Periods "it didn't matter who owned [Town Masonry], [he] ran it."

24. Defendant further stated that during the Covered Tax Periods he made the decision for Town Masonry to file for bankruptcy in February 2012, *see In re Town Masonry Corp.* No. 12-22304 (Bankr. S.D.N.Y.).

25. During the Covered Tax Periods, Defendant signed, under penalty of perjury, monthly operating reports for Town Masonry that were filed in the bankruptcy court for the months of April 2013 through August 2013.

26. Defendant has admitted that he directed his son to sign, under penalty of perjury, the monthly operating reports for Town Masonry that were filed in the bankruptcy court for the months of February 2012 through March 2013, and September 2013.

27. Defendant also signed, under penalty of perjury, the Form 941 returns for Town Masonry for the quarterly periods ending on September 30, 2011; December 31, 2011; June 30, 2012; December 31, 2012; March 31, 2013; June 30, 2013; and September 30, 2013, which attest to the unpaid trust fund taxes for those periods.

28. Defendant has admitted that he directed his son to sign, under penalty of perjury, the Form 941 return for Town Masonry for the quarterly period ending on March 31, 2012, which attests to the unpaid trust fund taxes for that period.

29. Defendant has also admitted that, during the Covered Tax Periods, he knew that Town Masonry "didn't have the money to pay the payroll taxes."

30. The IRS has assessed TFRP penalties against Defendant as follows:

| Quarterly Tax Period Ending | Date of Assessment | Amount of Assessment |
| --- | --- | --- |
| 9/30/2011 | 12/9/2013 | $448,083.50 |
| 12/31/2011 | 12/9/2013 | $524,037.56 |

| Quarterly Tax Period Ending | Date of Assessment | Amount of Assessment |
|---|---|---|
| 3/31/2012 | 12/9/2013 | $199,455.46 |
| 6/30/2012 | 12/9/2013 | $258,644.12 |
| 12/31/2012 | 12/9/2013 | $10,229.26 |
| 3/31/2013 | 12/9/2013 | $103,889.53 |
| 6/30/2013 | 3/2/2015 | $67,785.98 |
| 9/30/2013 | 3/2/2015 | $42,591.58 |

31.     Despite timely notice and demand for payment of the assessments, from December 9, 2013, through June 16, 2017, Defendant neglected, failed, or refused to pay the full assessments for these quarterly tax periods.

32.     On June 16, 2017, the IRS accepted an Offer in Compromise from Defendant to settle his tax liabilities in exchange for $114,583.20, with the balance to be paid in 24 monthly installments, and to be bound by the terms and conditions memorialized in an IRS Form 656, as amended by a Form 14640.

33.     Defendant failed to comply with the terms and conditions of the Offer in Compromise. Specifically, he (a) failed to promptly pay his personal income tax liability for tax years 2016 and 2017, and (b) on two occasions, failed to timely make the monthly installment payment toward his trust fund liabilities.

34.     On April 29, 2019, the IRS informed Defendant that "Since you have not complied with the terms of your offer, your Offer in Compromise is declared in default and the arrangements to compromise are terminated. All payments on the offer will be applied to your outstanding liabilities."

35.     Since April 29, 2019, Defendant has not paid the full balance of the assessments for the Covered Tax Periods.

## CLAIM FOR RELIEF
### Judgment for Failure to Collect and Pay Over Tax, 26 U.S.C. § 6682(a)

36.     The United States repeats and realleges the allegations in paragraphs 1 through 35 with the same force and effect as if set forth fully herein.

37.     By this action, the United States seeks to collect the TFRP penalties assessed against Defendant by the IRS on December 2, 2013, and March 2, 2015, plus interest and statutory additions thereon as allowed by law.

38.     As of September 27, 2019, Defendant owes $1,827,200.92 on these penalties, including interest.

39.     The United States may bring suit to recover TFRP penalties assessed within ten years of the assessment of the penalties. 26 U.S.C. § 6502(a)(1).

40.     This action is brought within the 10-year limitations period specified in 26 U.S.C. § 6502(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America requests that the Court:

A.     Enter judgment against Defendant and in favor of the United States for unpaid trust fund recovery penalties and interest in the amount of $1,827,200.92, calculated as of September 27, 2019, plus further interest and statutory additions thereon as allowed by law;

B.     Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

## **JURY DEMAND**

The United States hereby demands a trial by jury of all issues so triable.

Dated: New York, New York
October 4, 2019

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York
        *Attorney for Plaintiff United States of America*

By:   s/ Anthony J. Sun
        ANTHONY J. SUN
        Assistant United States Attorney
        86 Chambers St., 3rd Floor
        New York, New York 10007
        (212) 637-2810
        anthony.sun@usdoj.gov